# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jennifer Peters and Juniper Ventures, LLC, | Civil No. 18-2208 (DWF/HB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Nathaniel R. Armstrong, a/k/a Nate Armstrong, | |
| Defendant. | |

Kirk Tisher, Esq., Burns and Hansen, counsel for Plaintiff.

Brandon J. Wheeler, Esq., and Scott D. Blake, Esq., Felhaber, Larson, Fenlon & Vogt, PA, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on a motion to dismiss or, in the alternative, for summary judgment, filed by Defendant Nathaniel R. Armstrong ("Armstrong"). (Doc. No. 5.) Plaintiffs allege breach of contract, promissory estoppel, and unjust enrichment because of Armstrong's refusal to repay two promissory notes under which he is the alleged obligor. (*See* Doc. No. 1-1, Ex. A. ("Compl.") ¶¶ 25-66.) Armstrong argues that Plaintiffs sued the wrong party. (Doc. No. 7 ("Def.'s Memo.") at 1.) For the reasons set forth below, the Court grants in part and denies in part Armstrong's motion.

**BACKGROUND**

Jennifer Peters ("Peters") and Juniper Ventures, LLC ("Juniper") commenced this action to collect on two separate promissory notes ("Notes") allegedly in default.[1] (*See generally* Compl.) Armstrong contends that Plaintiffs sued the wrong party because he signed the Notes on behalf of US Props, LLC and Black Box Equities, LLC ("LLCs")—two entities of which he is a member.[2] (Def.'s Memo. at 1.)

The Notes are template agreements with nearly identical provisions. (Compl. at 15-16.) Both Notes contain the terms "Borrower" and "Note Holder." (*Id.*) The term "Borrower" is defined as the Notes' promisor; the term "Note Holder" is defined as the promisee. (Compl. at 15-16 ("Notes").)

The first note was issued to Juniper on June 20, 2014 in the amount of $130,000. (Compl. ¶¶ 10-11.) The second note was issued to Peters on February 3, 2015 in the amount of $63,000. (*Id.* at 14-15.) The signature block of each note includes the notation, "Borrower: Nate Armstrong" followed by "For [respective LLC]." (*Id.*) Each note is also signed and dated by Armstrong.[3] (*Id.*) The parties do not dispute the plain meaning of the terms; they disagree over who the "Borrower" is.

---

[1] Juniper Ventures, LLC is a limited liability company registered in Minnesota; Jennifer Peters is its managing member. (Compl. ¶¶ 2-3.)

[2] US Props, LLC is a limited liability company registered in Minnesota; Black Box Equities is a limited liability company registered in Illinois. (Doc. No. 8 ¶¶ 2-3.)

[3] The second note also includes the word "Partner" after Armstrong's signature. (Compl. ¶¶ 15-16.) Armstrong recognizes that he is not a "partner" of Black Box Equities, LLC because it is a limited liability company but submits that his intent was to convey that he did not sign in his individual capacity. (*See* Def.'s Memo. at 8.)

## DISCUSSION

**I.    Legal Standard**

Armstrong moves for dismissal, arguing that Peters and Juniper have failed to state a claim upon which relief can be granted because the Notes unambiguously show that Armstrong signed them on behalf of his respective LLCs. To the extent the Court finds the Notes ambiguous as to who the borrowers are, Armstrong argues in the alternative for summary judgment.[4] While the Court has the discretion to convert a motion to dismiss into a motion for summary judgment, it declines to do so here. Additional discovery is necessary to properly construe the parties' intent.[5]

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City*

---

[4]    Armstrong submits extrinsic evidence including emails and loan documents which he argues are conclusive that neither party intended to bind him personally. (Def.'s Memo. at 3-4; Armstrong Decl. ¶¶ 4-8, Exs. A-F.) In consideration of Armstrong's motion to dismiss, the Court limits its review to the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

[5]    Summary judgment is appropriate to construe ambiguous language in a contract where there is conclusive and undisputed extrinsic evidence of the parties' intent. *Deutz & Crow Co. Inc., v. Anderson*, 354 N.W.2d 482, 486 (Minn. App. 1984).

*of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *See Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Breach of Contract

The parties dispute who is obligated to repay each note. Each party insists that the Notes are unambiguous and that the Court should rule in its favor. "Under Minnesota law, 'the primary goal of contract interpretation is to determine and enforce the intent of the parties.'" *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 818 F.3d 356, 361 (8th Cir. 2016) (citation omitted). "Where the parties express their intent in unambiguous words, those words are to be given their plain and ordinary meaning." *Id.* (citation omitted). Therefore, a court "must first make a legal determination whether the contract

4

is ambiguous—i.e., 'whether the language used is reasonably susceptible of more than one meaning.'" *Swift & Co. v. Elias Farms, Inc.*, 539 F.3d 849, 851 (8th Cir. 2008) (quoting *Blattner v. Forster*, 322 N.W.2d 319, 321 (Minn. 1982)). A court should "construe a contract as a whole and attempt to harmonize all of its clauses." *Storms, Inc. v. Mathy Const. Co.*, 883 N.W.2d 772, 776 (Minn. 2016). In addition, unambiguous provisions should not be given "a strained construction." *Id.* (quoting *Valspar Refinish, Inc. v.* Gaylord's*, Inc.*, 764 N.W.2d 359, 364-65 (Minn. 2009)). The presence or absence of ambiguity in a contract "depends, not upon words or phrases read in isolation, but rather upon the meaning assigned to the words or phrases in accordance with the apparent purpose of the contract as a whole." *Art Goebel, Inc. v. N. Suburban Agencies, Inc.*, 567 N.W.2d 511, 515 (Minn. 1997).

Peters and Juniper contend that because Armstrong is listed as the "Borrower" after the term is defined in the body of the agreements, he is personally bound. (Doc. No. 11 ("Opp.") at 3.) They argue that because neither US Props, LLC nor Black Box Entities, LLC are ever referred to as the "Borrower" in the respective Notes, the additional notation of "For [respective LLC]" does nothing to alter Armstrong's personal obligation to repay the Notes.

Armstrong argues that the notation "For [respective LLC]" unambiguously establishes that he signed the Notes as an agent of the respective LLCs. (*See* Def.'s Memo. at 1.) He argues that the identity of the "Borrower" must be determined by looking at the entire language of the notes—specifically the signature box—not just the line that defines "Borrower." (Doc. No. 16 (Def.'s Reply") at 4.)

5

The Court finds merit in both interpretations and concludes that the Notes are ambiguous because they are "reasonably susceptible of more than one interpretation." *Swift & Co.*, 539 F.3d at 851 (quoting *Blattner*, 322 N.W.2d at 321). Specifically, the Court finds that the Notes are ambiguous as to who the "Borrower" is. While it is clear that Armstrong is listed as the "Borrower," it is unclear to what extent the added notation "For [respective LLC]" altered his personal obligation to repay the notes. Additional discovery is necessary to determine who the parties intended to be bound by the Notes. Consequently, the Court denies Armstrong's motion to dismiss Plaintiffs' breach of contract claims.

## III. Equitable Remedies

Peters and Juniper also plead claims of promissory estoppel and unjust enrichment. (Compl. ¶¶ 35-66.) Under Minnesota law, "'equitable relief cannot be granted where the rights of the parties are governed by a valid contract." *Olympus Ins. Co. v. AON Benfield, Inc.*, 711 F.3d 804, 899 (8th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Minn. State Zoological Bd.*, 307 N.W.2d 490, 497 (Minn. 1981)). Nonetheless, these claims persist when, as here, they are pleaded in the alternative. *Cummins Law Office, P.A. v. Norman Graphic Printing Co. Ltd.*, 826 F. Supp. 2d 1127, 1130 (D. Minn. 2011); *see also Turley Martin Co. v. Gilman Paper Co.*, 905 F. 2d 235, 237 (8th Cir. 1990).

Armstrong argues that even if pleaded in the alternative, Plaintiffs' equitable claims must be dismissed because they alter the plain language of the Notes if he is not the "Borrower." (Def.'s Memo at 12-16.) The Court agrees. If the LLCs are the "Borrowers," equitable remedies may not be used to alter the terms of the Notes by

shifting the obligation to repay onto a party not subject to the contract. *See Banbury v. Omnitrition Int'l., Inc.*, 533 N.W.2d 876, 881 (Minn. App. 1995) ("A party cannot use the doctrine of promissory estoppel to alter a contract. . . ."); *see also First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985) ("[Plaintiff] may not unilaterally alter the terms of a contract by now claiming unjust enrichment.") If Armstrong is the "Borrower" under the Notes, the rights of the parties are governed by the contract. If Armstrong is not the "Borrower," equitable remedies may be used to alter the Notes such that he becomes personally liable.

Peters and Juniper argue that even if Armstrong is not personally liable under the Notes, their equitable claims survive because Minnesota law permits a third party to guarantee the debts of another. (Opp. at 18.) They further allege that Armstrong made a separate promise to personally guarantee the Notes. (*Id.*) As pleaded, the equitable claims are based solely on Armstrong's liability under the Notes; there is nothing in the Complaint which suggests a separate promise. Therefore, the Court dismisses Peters' and Juniper's equitable claims without prejudice.

## CONCLUSION

The Court denies Armstrong's motion to dismiss Peters' and Juniper's breach of contract claims because it finds the Notes ambiguous as to who the "Borrower" is. As it pertains to Plaintiffs' equitable claims, Armstrong's motion is granted. The Court declines to convert Armstrong's motion to dismiss into a motion for summary judgment.

# ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment (Doc. No. [5]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Armstrong's motion to dismiss as to Count I "Breach of Contract on the Juniper Note" is **DENIED**.

   b. Armstrong's motion to dismiss as to Count II "Breach of Contract on the Peters Note" is **DENIED**.

   c. Armstrong's motion to dismiss as to Count III "Promissory Estoppel on the Juniper Note" is **GRANTED**.

   d. Armstrong's motion to dismiss as to Count IV "Promissory Estoppel on the Peters Note" is **GRANTED**.

   e. Armstrong's motion to dismiss as to Count V "Unjust Enrichment on the Juniper Note" is **GRANTED**.

   f. Armstrong's motion to dismiss as to Count VI "Unjust Enrichment on the Peters Note" is **GRANTED.**

   g. Armstrong's motion for Summary Judgment is **DENIED** in its entirety.

2. Plaintiffs' claims of Unjust Enrichment and Promissory Estoppel (Counts III-VI) are **DISMISSED WITHOUT PREJUDICE.**

Dated: October 22, 2018            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge